Dear Mr. Peters:
You requested the opinion of this office concerning the reassessment of property and the establishment of millage rates required in Article VII, Section 23 of the Louisiana Constitution. You advised that the Louisiana Tax Commission (the "Commission") determined that several parishes did not reassess in 2000 as mandated. Therefore, the Commission ordered a reassessment for the year 2001. The question presented is whether the 1999 millages or the 2000 millages would be the millage rates to be applied after reassessment.
Article VII, Section 23 of the Louisiana Constitution provides in pertinent part as follows:
 "C. Nothing herein shall prohibit a taxing authority from collecting, in the year in which Sections 18 and 23 of this Article are implemented or in any subsequent year, a larger dollar amount of ad valorem taxes by (1) levying additional or increased millages as provided by law or (2) placing additional property on the tax rolls. Increases in the millage rate in excess of the rates established as provided by Paragraph (B) above but not in excess of the prior year's maximum authorized millage rate may be levied by two-thirds approval but only after a public hearing . . ." (Emphasis added)
In Ops.Atty.Gen. 82-758, 00-245 and 00-245(A), this office determined that the above emphasized phrase "but not in excess of the prior year's maximum" should be interpreted as referring to the year prior to the last reassessment and not the year prior to which the taxing authority opts to increase its maximum authorized millage. See also, Ops.Atty.Gen. 93-339, 86-249.
In the factual situation that you described, the Commission, pursuant to the authority found in R.S. 33:9005.1 and 47:1837, deemed that the 2000 reassessment was fatally flawed and "that no reappraisal was completed", so there was no reassessment in 2000. The reassessment is occurring in 2001. In accordance with the opinions of this office dating back to 1982, the "prior year's maximum authorized millage rate" would be the year prior to the reassessment. If there is deemed to be no reassessment in 2000, and the reassessment occurs in 2001, the prior year would be 2000 and not 1999.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ____________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH
Date Received:
Date Released: August 17, 2001